# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
THOMAS S. SHADDIX, BAR NO. 7905.

No. 82632

**FILED**

MAY 14 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY ___S. Young___
DEPUTY CLERK

### ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Thomas S. Shaddix. Under the agreement, Shaddix admitted to violating professional conduct rules 1.3 (diligence), 1.4 (communication), 1.15 (safekeeping property), 5.3 (responsibilities regarding non-lawyer assistants), and 8.1 (disciplinary matters), and agreed to a 6-month-and-1-day suspension, stayed for 18 months subject to certain conditions.

As part of his guilty plea agreement, Shaddix admitted to the facts and violations. The record therefore establishes that he violated the above-referenced rules by failing to complete services for which a client retained him, including failing to pay the client's traffic tickets, as agreed; failing to communicate with the client about the status of the case; having his office assistant complete the initial consultation, including completing the retainer agreement; and failing to respond to the State Bar's inquiries regarding the client's grievance and another matter that had been referred to the State Bar.

The issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. *See*

*State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (stating purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Based on the duties Shaddix knowingly violated, and because his conduct harmed or potentially harmed his clients and the legal profession, the baseline sanction before considering aggravating and mitigating circumstances is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.42 (Am. Bar Ass'n 2017) (providing that suspension is appropriate when "a lawyer engages in a pattern of neglect and causes injury or potential injury to a client"); Standard 7.2 ("Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system."). The record supports the panel's findings of four aggravating circumstances (prior disciplinary record, a pattern of misconduct, multiple offenses, and substantial experience in the practice of law), and one mitigating circumstance (absence of dishonest or selfish motive). Under the *Lerner* factors, we conclude that the recommended discipline is appropriate and serves the purpose of attorney discipline.

Accordingly, commencing from the date of this order, we hereby suspend attorney Thomas S. Shaddix from the practice of law in Nevada for 6 months and 1 day, stayed for 18 months subject to the following conditions. Shaddix must: (1) pay $3,250 in restitution to his client in the

traffic matter; (2) engage in binding fee dispute resolution with the client at his own expense within the first 90 days of his probation period; (3) complete, in addition to required continuing legal education, an additional 1.5 hours of education related to diligence, 1.5 hours addressing communication, and 3 hours pertinent to his duty to respond to the State Bar; (4) obtain a mentor approved by the State Bar, who agrees to provide the Bar with quarterly reports as outlined in the conditional guilty plea agreement; (5) not receive any new disciplinary cases during his probation period that result in a screening panel recommending a letter of reprimand or a formal hearing; and (6) comply with any court orders issued in the two district court cases identified in the conditional guilty plea agreement. Additionally, Shaddix must pay $2,500 in administrative costs pursuant to SCR 120 and the actual costs of the disciplinary proceeding within 30 days from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, J.
Parraguirre

_____, J.                  _____, J.
Stiglich                                                            Silver

cc:     Chair, Southern Nevada Disciplinary Board
        Thomas S. Shaddix
        Bar Counsel, State Bar of Nevada
        Executive Director, State Bar of Nevada
        Admissions Office, U.S. Supreme Court